# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELMAN MARROQUIN, | Civil Action No. 17-3008 (SDW) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Elman Marroquin, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Following an order to answer, the Government filed a response to the petition. (ECF No. 3). Petitioner thereafter filed a second habeas petition raising essentially identical claims, which this Court dismissed as duplicative of this matter. (Docket No. 17-5157 at ECF Nos. 1-2). Petitioner did not file a reply brief following the dismissal of his duplicative petition. For the following reasons, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner, Elman Marroquin, is a native and citizen of Guatemala who entered this country illegally in 2003. (ECF No. 1 at 7; ECF No. 3 at 10). Following Petitioner's arrest on charges including aggravated assault in New Jersey, immigration officials initiated removal proceedings against Petitioner based upon his illegal entry. (ECF No. 3 at 7-8). On October 27, 2016, Petitioner was released from the Somerset County Jail and taken into immigration custody. (*Id.* at 8). Petitioner was also, at that time, issued a notice to appear before the immigration courts which

1

informed Petitioner that he was subject to removal based on his illegal entry, and a second notice informing him that immigration officials had determined that he should be subject to discretionary detention pending the outcome of his removal proceedings. (*Id.* at 10-15). On October 27, 2016, upon being informed that he was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), Petitioner requested review of his detention by an Immigration Judge in the form of a bond hearing. (*Id.* at 15-17). Petitioner received his first bond hearing in November 2016, but no action was taken on his request at that time by the Immigration Judge. (*Id.* at 20). Petitioner filed a request for a bond redetermination in December 2016, resulting in another hearing on December 13, 2016. (*Id.*). The Immigration Judge assigned to Petitioner's case again took no action at that time, declining to grant Petitioner bond. (*Id.*). Petitioner returned to the immigration court on February 23, 2017, for another bond redetermination hearing. At that time, an Immigration Judge denied Petitioner's bond request, finding Petitioner to be a flight risk and a danger to the community. (*Id.* at 20-21). Petitioner reserved his right to appeal that outcome. (*Id.*).

Rather than appeal this first denial of bond, Petitioner filed another bond redetermination request with the immigration courts. On March 28, 2017, a second Immigration Judge denied Petitioner's bond request, again finding him to be a danger to the community and a flight risk. (*Id.*). Petitioner then filed an appeal of this second denial to the Board of Immigration Appeals ("BIA"). In advance of Petitioner's appeal, the Immigration Judge issued a written opinion on April 14, 2017, explaining the reasoning for the denial of Petitioner's bond redetermination request. (*Id.* at 20-23). In that opinion, the Immigration Judge explained that Petitioner was a flight risk and danger to the community and was therefore not entitled to bond based on Petitioner's history of domestic incidents, his criminal history which included multiple criminal charges, and his lack of any substantial ties to the community or his U.S. citizen child. (*Id.* at 22-23). On June

13, 2017, the BIA issued its decision on Petitioner's bond redetermination appeal. (*Id.* at 30). In its decision, the BIA determined that the Immigration Judge had correctly determined that the Government had "established, by clear and convincing evidence, that [Petitioner] is a danger to the community," and that Petitioner was therefore not entitled to bond. (*Id.*). The BIA thus dismissed Petitioner's appeal. (*Id.*). Petitioner has apparently remained detained pursuant to § 1226(a) since that time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his petition, Petitioner asserts that his detention has become overlong, and that he should therefore be entitled to a bond hearing where the Government bears the burden of proof pursuant to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). Both *Diop* and *Chavez-Alvarez*,

however, address aliens subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) who are not entitled to a bond hearing absent an order from a court sitting in habeas review. Neither *Diop* nor *Chavez-Alvarez*, however, addresses those aliens, such as Petitioner, who by virtue of their detention under § 1226(a) are already entitled not only to a bond hearing but also bond redeterminations. *See Contant v. Holder*, 352 F. App'x 692, 695-96 (3d Cir. 2009) (distinguishing § 1226(a) detainees from § 1226(c) detainees); *see also Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016) (finding that the proper procedure for a § 1226(a) detainee seeking a new bond hearing is to file for a bond redetermination, rather than seek habeas relief under *Diop* and *Chavez-Alvarez*). Petitioner is not an alien subject to indefinite detention under § 1226(c) with no statutory right to a bond hearing, instead he is a discretionary detainee who has received, by right, both a bond hearing and several bond redeterminations, the most recent of which was conducted by the Immigration Judge in March and was affirmed by the BIA in June. Petitioner's situation is entirely distinguishable from *Diop* and *Chavez-Alvarez*, and he is not entitled to relief under either case.

While this Court may have the authority to order a bond hearing for a discretionary detainee who can show that he was denied Due Process during his bond hearing, Petitioner makes no such showing in this matter and the Court is aware of no authority permitting the Court to order a new bond hearing where an alien has failed to make such a showing. *See, e.g., Garcia*, 2016 WL 1718102 at *3 (court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (same); *see also Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *1-2 (D.N.J. Jan. 5, 2016). Indeed, Petitioner has already received multiple bond redetermination hearings, at which

he was denied bond by both the Immigration Judges assigned to his matter and the BIA, and this Court "does not have the power to second guess the discretionary decision of the Immigration Judge to deny . . . release on bond." *Pena*, 2016 WL 74410 at *2; *see also* 8 U.S.C. § 1226(e) (the "Attorney General's discretionary judgment regarding the [granting or denial of bond] shall not be subject to review. No court may set aside any action or decision [of an Immigration Judge] regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole"); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015); *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004). Because Petitioner has already received the bond hearing he claims to seek, because the immigration courts have denied him bond on multiple occasions, and because this Court lacks the authority to second-guess the decision of the immigration courts with regard to Petitioner's denial of bond, Petitioner is not entitled to habeas relief, and his petition must be denied. *Pena*, 2016 WL 74410 at *2.

## III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice. An appropriate order follows.

Dated: October 6, 2017
                                          *s/ Susan D. Wigenton*
                                          Hon. Susan D. Wigenton,